**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The UNITED STATES for the Use and Benefit of ANDY BLAINE APOLINAR and RONDA APOLINAR, husband and wife, doing business as A AND R EXCAVATING<br><br>Plaintiffs,<br><br>vs.<br><br>KILASHEE CONTRACTING CORP., an Arizona corporation; CAPITOL INDEMNITY COMPANY, a surety company,<br><br>Defendants. | No. CV 05-0785-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Use Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. # 29). Also pending before the Court is Defendants' Motion for Summary Judgment (Doc. # 25).

**I. INTRODUCTION**

Plaintiffs the United States for the Use and Benefit of Andy Blaine Apolinar and Ronda Apolinar, doing business as A & R Excavating, ("Use Plaintiffs") brought this action against Defendant Kilashee Contracting Corp. ("Kilashee") for breach of contract.[1] Use

---

[1] Pursuant to 40 U.S.C. § 3133(b)(3)(A), a civil action involving a payment bond issued on a federal government public building or public work project must be brought "in the name of the United States for the use of the person bringing the action."

1  Plaintiffs allege that in December 2003 they entered into a subcontract with Kilashee to
2  provide excavation services and equipment on a project for the United States Department of
3  Interior, Bureau of Indian Affairs.  Use Plaintiffs further allege that they furnished the
4  excavation services and equipment to Kilashee pursuant to the subcontract and that there
5  remains a principal balance due Use Plaintiffs.  Finally, Use Plaintiffs allege that Defendant
6  Capitol Indemnity Company ("Capitol") is the surety on the statutory payment bond that
7  Kilashee executed and delivered to the United States Department of Interior, Bureau of
8  Indian Affairs.

9  After the amended pleading and discovery deadline passed, and prior to the dispositive
10 motion deadline, Defendants Kilashee and Capitol filed a Motion for Summary Judgment
11 (Doc. # 25).  Defendants argue that Use Plaintiffs are not entitled to recover against the
12 Defendants because the subcontract at issue is between Kilashee and A & R Excavating
13 L.L.C., not Andy Blaine Apolinar and Ronda Apolinar d/b/a A & R Excavating.  Use
14 Plaintiffs opposed the Motion for Summary Judgment, denying that the limited liability
15 company was a party to the subcontract and pointing out that Kilashee, in its answer and
16 counterclaim, admitted entering into a subcontract with the sole proprietorship.

17 Almost two months after opposing the Motion for Summary Judgment, Use Plaintiffs
18 filed a Motion for Leave to File First Amended Complaint (Doc. # 29) seeking to add A &
19 R Excavating, L.L.C., as a plaintiff.  In support thereof, Use Plaintiffs represent that the
20 limited liability company was created in November 2001 pursuant to their accountant's
21 advice.  However, Use Plaintiffs allege they did not know their contractor's license should
22 match the entity under which they conducted business and, accordingly, did not transfer the
23 contractor's license to the limited liability company until November 2005.  Use Plaintiffs
24 state they filed the instant lawsuit based on the sole proprietorship holding the contractor's
25 license at the time the subcontract was executed.  Finally, Use Plaintiffs assert that the
26 requested amendment would allow this litigation to be decided on the merits, not on a mere
27 technicality.
28

In opposition, Defendants Kilashee and Capitol argue that the amendment will create undue delay in the litigation. Defendants further argue that the amendment would prejudice them because they incurred expenses by pursuing a theory since September 2005 that ultimately resulted in the research, drafting and filing of the Motion for Summary Judgment. Finally, Defendants argue that Use Plaintiffs were in the best position to determine the proper plaintiff to prosecute this action and they should not be rewarded for their lack of diligence.

**II. LEGAL ANALYSIS AND CONCLUSION**

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' [] Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting

1 *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999))
2 (citation and internal quotation marks omitted). "The party opposing amendment bears the
3 burden of showing prejudice," futility, or one of the other permissible reasons for denying
4 a motion to amend. *DCD Programs,* 833 F.2d at 187. Prejudice can result where a
5 defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison
6 Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Extending discovery can also create undue delay.
7 *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998).

8 Defendants do not provide any support for their argument that the amendment will
9 create undue delay in the litigation. Accordingly, the Court finds that Defendants have not
10 met their burden of proof. Even considering the record, the Court does not find that the
11 amendment will create undue delay. The addition of A & R Excavating, L.L.C., as a plaintiff
12 does not add a "new party" in the true sense of the term. The limited liability company is
13 merely a different legal form of the sole proprietorship. As such, the completed discovery
14 will apply with equal force to the limited liability company. There will be no undue delay
15 as there will be no need for additional discovery. Further, the Court has been provided no
16 information that would lead it to conclude the completed discovery involved only the one
17 theory set forth in Defendants' Motion for Summary Judgment.

18 Defendants' argument that the amendment will prejudice them because they incurred
19 expenses by pursuing a theory since September 2005 that ultimately resulted in the research,
20 drafting and filing of the Motion for Summary Judgment also is unpersuasive. Defendants'
21 Motion for Summary Judgment totals three pages and their Reply to Plaintiffs' Response to
22 Motion for Summary Judgment totals another three pages. The Defendants cite no case law
23 in either the Motion or Reply. They only cite to Mr. Apolinar's deposition, the subcontract
24 and related documents. Any prejudice incurred clearly is insufficient to override the mandate
25 that leave to amend "shall be freely given when justice so requires." *Foman*, 371 U.S. at 182.

26 Finally, the Court is not persuaded by Defendants argument that Use Plaintiffs were
27 in the best position to determine the proper plaintiff to prosecute this action and they should
28 not be rewarded for their lack of diligence. Kilashee itself, despite being a party to the

1  subcontract and possessing copies of the relevant documents, never disputed Use Plaintiffs'
2  standing to sue until the Motion for Summary Judgment.  In fact, Kilashee admitted in its
3  answer that it contracted with Use Plaintiffs and even asserted a counterclaim against Use
4  Plaintiffs.  Further, under the facts presented, the Court is guided by the Ninth Court's
5  statement that the underlying purpose of Rule 15 is "to facilitate decision on the merits rather
6  than on the pleadings or technicalities." *Eldridge*, 832 F.2d at 1135.  Should the Court deny
7  the motion for leave to amend to add the limited liability company, the potential exists that
8  the case would be decided on what amounts to a technicality in this case.

9  Accordingly,

10  **IT IS ORDERED** that Use Plaintiffs' Motion for Leave to File First Amended
11  Complaint (Doc. # 29) is **GRANTED**;

12  **IT IS FURTHER ORDERED** that Use Plaintiffs shall file their First Amended
13  Complaint within five (5) days of the date of this Order;

14  **IT IS FURTHER ORDERED** that Defendants' request for attorney fees incurred in
15  the preparation and filing of their Motion for Summary Judgment and Reply to Plaintiffs'
16  Response to Motion for Summary Judgment is **DENIED**;

17  **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc.
18  #25) is **DENIED** as moot.

19  DATED this 10th day of May, 2006.

James A. Teilborg
United States District Judge